## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

JARELL D. TERRY,                                                                         PLAINTIFF
ADC #149998C

v.                                           2:20CV00079-DPM-JTK

GREGORY RECHCIGL, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Chief Judge D. P. Marshall Jr.    Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.    If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.    An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.    The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District Judge (if such a Hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

I.    **Introduction**

Plaintiff Jarell Terry is a state inmate confined at the East Arkansas Regional Unit of the Arkansas Division of Correction (ADC), who filed this pro se 42 U.S.C. § 1983 action alleging improper medical care by several Defendants. (Doc. No. 2) By Order dated April 10, 2020, this Court granted Plaintiff's Motion to Proceed in forma pauperis, but found Plaintiff's allegations failed to state a constitutional claim for relief. (Doc. No. 4) The Court then directed Plaintiff to submit an Amended Complaint within thirty days, and asked Plaintiff to: "**name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; and 4) state how he was harmed.** " (Id., p. 4) Plaintiff filed an Amended Complaint naming additional Defendants and an additional claim of excessive force. (Doc. No. 7).

2

After reviewing the Amended Complaint, the Court noted that his medical allegations did not support a constitutional deliberate indifference claim because the events described involved isolated incidents and often appeared to be a disagreement over the type of care he received. (Doc. No. 8, p. 2) The Court also found Plaintiff's excessive force claim too vague to support a constitutional claim for relief, and provided him one final opportunity in which to submit a second Amended Complaint on either the medical or excessive force claim. (Id.)

Plaintiff has submitted a second Amended Complaint concerning his medical claims. Having reviewed it the Court finds it should be dismissed, for failure to state a claim upon which relief may be granted.

## II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.    28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).    An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under §

3

1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Twombly, 550 U.S. at 556-7.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief."   Id.

## III.    Facts and Analysis

In his second Amended Complaint (Doc. No. 13), Plaintiff alleged that on January 10, 2020, Defendant Washington failed to give him Keppra and Naproxen on two occasions. On January 14, 2020, Defendant Oliver gave him wrong medications which he returned. He was given wrong medications again on January 21, 2020, but did not identify the individual involved. On March 20, 2020, Defendant Giles gave him an overdose of Zoloft which he returned to Defendant Dunn. On March 29, 2020, Defendant Askew failed to give him the full amount of Keppra and argued with him when he questioned her about it. Defendant Askew trained Defendant McGee on March 30, 2020 and failed to give him his noon Tylenol. Askew also gave him two large unknown

pills which he returned, and she later returned with his Keppra. Defendants Rechcigl and Griffin failed to take corrective action in response to the grievances he filed.

To support a claim for an Eighth Amendment violation, Plaintiff must allege that Defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996).

The Court finds that Plaintiff's allegations against Defendants Washington, Oliver, Giles, Dunn, Askew, and McGee amount to a disagreement over the type of treatment provided, and do not support a claim of deliberate indifference in violation of the Eighth Amendment. These allegations all concern isolated incidents, and Plaintiff provides no allegations to support a finding of deliberate indifference to a serious medical need.

In addition, his allegations against Defendants Rechcigl and Griffin, based on their responses to his grievances, do not support a constitutional claim for relief. Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even

if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265, *3 (W.D.Mo. 2009). Finally, Plaintiff did not mention or refer to any of the other Defendants originally listed in his Complaint and Amended Complaint and therefore, they should be dismissed for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's second Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.    Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

3.    The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 17th day of June, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.