# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JARELL D. TERRY**                                                             **PLAINTIFF**
**ADC #149998C**

v.                        No. 2:20-cv-79-DPM

**GREGORY RECHCIGL, Director**
**of Health Services, ADC,** *et al.*                        **DEFENDANTS**

## ORDER

On *de novo* review, the Court adopts the recommendation, *Doc. 14*, as modified and overrules Terry's objections, *Doc. 16*. FED. R. CIV. P. 72(b)(3). The Court does not believe that this is a case about mere disagreement with treatment decisions. That occurs when, for example, a prisoner is prescribed one medication but prefers another. But Terry alleges that his prescribed medication was sometimes withheld, and that other times he was given the wrong medication. "When an official denies a person treatment that has been ordered or medication that has been prescribed, constitutional liability may follow." *Dadd v. Anoka County*, 827 F.3d 749, 757 (8th Cir. 2016).

Nonetheless, the Court agrees that Terry's second amended complaint fails to state a claim. He alleges sporadic missed doses or incorrect medications at the hands of various nurses. This certainly shows negligence; but it doesn't plausibly show that any of those nurses was deliberately indifferent to Terry's serious medical needs.

-2-

And absent any underlying constitutional violation, Terry's corrective-inaction claim against Rechcigl and Griffin fails. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

Terry's second amended complaint will be dismissed without prejudice for failure to state a claim. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). His motion for status update, *Doc. 15*, is denied as moot. An *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

30 June 2020